**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| ROMIE L. TURNER, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 04-1491 (RMU) |
| | : | | |
| v. | : | Document No.: | 20 |
| | : | | |
| FEDERAL BUREAU OF INVESTIGATION, | : | | |
| | : | | |
| Defendant. | : | | |

**MEMORANDUM OPINION**

GRANTING THE DEFENDANT'S MOTION TO DISMISS AND
DISMISSING THE COMPLAINT

**I.   INTRODUCTION**

Plaintiff, appearing *pro se*, brought this action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.* The defendant has filed a motion to dismiss or, in the alternative, for summary judgment. After review of the defendant's filings, the complaint, and the applicable legal authority, the court grants the defendant's motion and dismisses the complaint.

**II.   BACKGROUND**

On January 27, 2004, the plaintiff submitted a claim with the Federal Bureau of Investigation ("FBI") alleging that in May, 2003, at Union Station in Washington, D.C., he was subject to an illegal investigation by "private FBI agents." Compl., Attach. The plaintiff claimed that these unnamed agents stalked and harassed him, conspired to commit murder, caused defamation of character, slander and libel, intentionally inflicted emotional distress and caused

employment and housing discrimination. *Id.* On July 27, 2004, the FBI denied the claim on the ground that there was no evidence of negligent or wrongful acts on the part of any FBI employee. *Id.*

### A.   Legal Standard for a Motion to Dismiss

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). The complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests. *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003) (citing FED R. CIV. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Such simplified notice pleading is made possible by the liberal opportunity for discovery and the other pre-trial procedures established by the Rules to disclose more precisely the basis of both claim and defense to define more narrowly the disputed facts and issues." *Conley*, 355 U.S. at 47-48 (internal quotation marks omitted). It is not necessary for the plaintiff to plead all elements of his prima facie case in the complaint, *Swierkiewicz v. Sonoma N.A.*, 534 U.S. 506, 511-14 (2002), or "plead law or match facts to every element of a legal theory." *Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir. 2000) (internal quotation marks and citation omitted).

Accordingly, "the accepted rule in every type of case" is that a court should not dismiss a complaint for failure to state a claim unless the defendant can show beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Warren v. District of Columbia*, 353 F.3d 36, 37 (D.C. Cir. 2004); *Kingman Park*, 348 F.3d at 1040. Thus, in resolving a Rule 12(b)(6) motion, the court must treat the complaint's factual allegations – including mixed questions of law and fact – as true and draw all reasonable inferences therefrom

in the plaintiff's favor.  *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003); *Holy Land Found. for Relief & Development v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003); *Browning*, 292 F.3d at 242.  While many well-pleaded complaints are conclusory, the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations.  *Warren*, 353 F.3d at 39; *Browning*, 292 F.3d at 242.

### B.  The Plaintiff Fails to Satisfy Rule 8(a)

Rule 8(a) of the Federal Rules of Civil Procedure provides that at a minimum a complaint contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief."  Although *pro se* pleadings are to be liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), a *pro se* litigant, like any other litigant, must comply with the Federal Rules of Civil Procedure.  *Jarrell v. Tisch*, 656 F.Supp. 237, 239 (D.D.C. 1987).   The complaint must give fair notice to the defendant of the claims being asserted so that the defendant can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies.  *See Conley*, 355 U.S. at 47; *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

A complaint that contains vague and conclusory accusations and no specific facts regarding the alleged wrongdoing do not allow a defendant to frame an intelligent defense and are subject to dismissal.  *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Best v. Kelly*, 39 F.3d 328, 330-31 (D.C. Cir. 1994).  In this case, the essence of the complaint is that the plaintiff was subject to "illegal probing and investigating" and "stalking, harassment, defamation of character, slander, libel, intentional infliction of emotional distress, employment and housing discrimination, assault and battery" and a conspiracy to commit murder.  Because of the lack of specific details in the

complaint, it is impossible for the defendant to determine the basis of plaintiff's tort claim. The complaint, therefore, fails to satisfy the requirements of Rule 8(a).

### III.   CONCLUSION

For all of the foregoing reasons, the court grants the defendant's motion to dismiss, thereby dismissing the case without prejudice. An order directing the parties in a manner consistent with this Memorandum Opinion is separately and contemporaneously issued this 31st day of October, 2005.

RICARDO M. URBINA<br>
United States District Judge